UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD HOMAN,

    Petitioner,

                                     CASE NO. 11-CV-15574
v.                                 HONORABLE MARK A. GOLDSMITH

J.A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR A WRIT OF HABEAS CORPUS**

### I. INTRODUCTION

Donald Homan ("Petitioner"), a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence. Pet. (Dkt. 1). Petitioner alleges that the Bureau of Prisons ("BOP") is not giving him proper sentencing credit for time he spent in state custody where the federal court ordered that his federal sentence run concurrently with his state sentence. Respondent has filed a response brief (Dkt. 5), contending that the petition should be denied on the merits.

### II. BACKGROUND

On July 15, 2003, Petitioner was arrested on drug charges in Bucks County, Pennsylvania. Buck Info. at 2 (Dkt. 5-4). He was released on bail on July 18, 2003. Id. at 3. On September 4, 2003, Petitioner was arrested on burglary, theft, and drug charges in Philadelphia County, Pennsylvania. Phila. Info. at 2 (Dkt. 5-5). He subsequently pled guilty to

1

those charges. Id. at 3. On October 29, 2003, Petitioner was sentenced to two to four years' imprisonment on the Philadelphia convictions and began serving that sentence. Id. at 7. On February 17, 2004, Petitioner was sentenced to three to six years' imprisonment on the Bucks County conviction. Bucks Info. at 4.

On November 15, 2005, Petitioner was brought to the United States District Court for the Eastern District of Pennsylvania via a writ of habeas corpus ad prosequendum to face federal drug and burglary charges. E.D. Pa. Info. at 3-4 (Dkt. 5-6). He subsequently pled guilty to conspiracy to distribute and possession with intent to distribute Schedule II controlled substances, pharmacy burglary involving theft of controlled substances, aiding and abetting the possession with intent to distribute a controlled substance, conspiracy to burglarize pharmacies, and aiding and abetting a pharmacy burglary. 5/21/09 J. at 1 (Dkt. 5-3). On May 21, 2009, he was sentenced to concurrent terms of 12 years' imprisonment on each of his federal convictions with three years of supervised release. Id. The court ordered Petitioner's federal sentences to run concurrently with his state sentences and recommended that Petitioner "receive credit for all time served on these matters while in state and federal custody." Id. at 3.

On September 5, 2010, Petitioner was paroled from state custody and taken into federal custody for continued service of his federal sentence. The BOP thereafter prepared a sentencing computation for Petitioner. That computation states that Petitioner's federal sentence began on May 21, 2009 (the date upon which it was imposed) and awards him 59 days of prior custody credit (for July 15, 2003 to July 18, 2003 and September 4, 2003 to October 28, 2003). BOP Computation (Dkt. 5-2). The computation also provides for 564 days of earned and projected good conduct time and sets a projected release date of September 5, 2019. Id.

In 2011, Petitioner filed an administrative remedy request with the warden at the institution where he was confined, seeking federal sentencing credit for all of the time that he has spent in state and federal custody. Admin. Remedy (Dkt. 5-8). The warden denied his request. Id. at 3. Petitioner filed appeals with the BOP's Regional and Central Offices, both of which were denied. Id. at 4-7. Petitioner thereafter instituted this federal habeas action challenging the BOP's computation of his sentence.

### III. DISCUSSION

A writ of habeas corpus may be granted to a federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(b)(3). The United States Attorney General, through the Bureau of Prisons, is responsible for administering the sentences of federal prisoners. United States v. Wilson, 503 U.S. 329, 335 (1992). A federal district court may consider the propriety of the BOP's sentencing computation once a prisoner has exhausted available administrative remedies. Id. at 335-336; McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). Thus, a federal prisoner may be entitled to habeas relief under 28 U.S.C. § 2241 if the federal court determines that the BOP miscalculated the prisoner's sentence.

Petitioner challenges the BOP's decision to deny him credit on his federal sentence for the time he spent in state custody from October 29, 2003 (when his first state sentence was imposed) through May 20, 2009 (the day before his federal sentence was imposed). Petitioner believes that he is entitled to credit for this time because the federal sentencing court ordered his federal sentences to run concurrently with his state sentences.[1]

---

[1] The BOP gave Petitioner 59 days of credit on his federal sentence for the time he spent in state custody before he began serving his state sentences. That determination is not contested in this case.

3

Federal law provides that a federal sentence commences when a defendant is received into federal custody to serve his sentence. See 18 U.S.C. § 3585(a) (providing that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served"). When a federal defendant is in state custody, his federal sentence ordinarily does not begin until the state authorities relinquish him to federal authorities upon satisfaction of his state sentence. See Ponzi v. Fessenden, 258 U.S. 254, 260 (1922) (stating that the sovereign that first acquires custody of a defendant is entitled to custody until any sentence imposed is served); United States v. Avery, 911 F.2d 734 (Table), at *5 (6th Cir. Aug. 15, 1990). Time spent in the custody of the United States Marshals pursuant to a federal writ of habeas corpus ad prosequendum from state custody does not qualify as federal custody in connection with the federal offense. Huffman v. Perez, 230 F.3d 1358 (Table), at *2 (6th Cir. 2000). "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); see also Jake v. Herschberger, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999) (prisoner is borrowed by federal authorities from state authorities for "indicting, arraigning, trying, and sentencing"); Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ ad prosequendum; he is merely 'on loan' to federal authorities.").

In this case, Petitioner was in state custody at the time he was prosecuted on federal charges. Following his convictions, the federal court ordered that his federal sentence be served concurrently to his state sentences. The BOP complied with that order by determining that

4

Petitioner's federal sentence began on the date it was imposed, rather on the date that he was taken into federal custody, and calculated his sentence accordingly. Petitioner is not entitled to credit on his federal sentence for the time he spent serving his state sentences prior to the imposition of his federal sentence because a federal sentence cannot commence before the date upon which it is imposed. See Coloma v. Holder, 445 F.3d 1282, 1283-1284 (11th Cir. 2006); Howard v. Longley, 532 F. App'x 116, 117 (3d Cir. 2013) (citing United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if it is made concurrent with a sentence already being served.")). In other words, "where a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the undischarged portion of the prior state [sentence]." Perez v. Holland, No. 12-112-GFVT, 2013 WL 501207, *2-3 (E.D. Ky. Feb. 11, 2013) (citing cases and denying habeas relief on similar claim); see also Johnson v. Shartle, No. 4:12CV2164, 2013 WL 2387765, *2-3 (S.D. Ohio May 30, 2013) (denying habeas relief on similar claim).

Under certain circumstances, a federal prisoner must be given sentencing credit for time spent in official detention before the date his sentence commences. The applicable statute provides that a federal prisoner shall be given credit for any time spent in official detention prior to the date the sentence commences "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b). The statute makes clear that a prisoner is not entitled to credit on his federal sentence for time spent in state custody if that time was credited toward a state sentence. See Wilson, 503 U.S. at 337 (noting that "Congress altered § 3568 in at

5

least three ways when it enacted § 3585(b)" including clarifying that a defendant could not receive double credit for detention time).

Petitioner received credit on his state sentences for the time he spent in state custody after his state sentences were imposed and before his federal sentences were imposed. Consequently, he is not entitled to credit on his federal sentence for that same period of time. Petitioner has failed establish that the BOP erred in calculating his federal sentence. Habeas relief is not warranted.

## IV.  CONCLUSION

Because Petitioner is not entitled to federal habeas relief on the claim presented in his petition, the Court dismisses with prejudice the petition for a writ of habeas corpus. The Court further notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under 28 U.S.C. § 2241. Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004). Consequently, Petitioner need not apply for one with this Court or with the United States Court of Appeals for the Sixth Circuit before seeking to appeal this decision. This case is closed.

SO ORDERED.


Dated:  June 19, 2014                             s/Mark A. Goldsmith
       Flint, Michigan                           MARK A. GOLDSMITH
                                                    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2014.

                                                      s/Deborah J. Goltz
                                                      DEBORAH J. GOLTZ
                                                      Case Manager